IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE L. STEVENSON, JR., )
)
      Plaintiff, )
)
 -vs- ) Civil Action No. 14-46E
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since February 10, 2011. (ECF No. 6-6, p. 2). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on September 18, 2012. (ECF No. 4-2, pp. 20-52). On September 28, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 13-19).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.   Residual Functional Capacity ("RFC")[1]

Plaintiff first asserts that the ALJ erred in limiting Plaintiff's RFC to sedentary work with exceptions.[2] (ECF No. 10, pp. 9-14; No. 13, pp. 1-2). Specifically, Plaintiff submits that the ALJ erred in arriving at his RFC because "the ALJ crafted this RFC with no medical expert opinion whatsoever." (ECF No. 10, p. 9). Plaintiff continues: "The record is devoid of any medical opinion as to Plaintiff's capacity to perform basic work activities." *Id.* Therefore, Plaintiff argues, remand is necessary.

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found that Plaintiff has the RFC "to perform sedentary work as defined in 20 C.F.R. 416.967(a) except the claimant must be afforded a sit/stand option every 30 minutes and cannot work in environments with extremes of temperature or dampness." (ECF No. 6-2, p. 16).

3

As the ALJ notes, other than one opinion that Plaintiff should not work for 6-8 weeks following a surgery, "[t]here are no other opinions in the file, and none of the claimant's treating physicians have suggested that the claimant is unable to work, disabled, or even more limited than the restrictions in the residual functional capacity." (ECF No. 6-2, p. 17). Thus, there are no opinions as to Plaintiff's functional abilities as they relate to working. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I am unable to discern what evidence the ALJ relied upon in limiting Plaintiff to sedentary work with a sit/stand option every 30 minutes and the limitation that he cannot work in environments with extremes of temperature or dampness. I find the record is ambiguous on this point. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

On remand, the ALJ is instructed to order a consultative examination of Plaintiff with regard to his physical functional capacity to work. *See,* 20 C.F.R. § 416.919(a). While such medical opinion evidence may not change the ALJ's RFC or may even change it in a way that is not beneficial to Plaintiff, I believe that such evidence is necessary in this case.

**C.     Credibility**

Finally, Plaintiff submits that the ALJ erred in assessing his credibility. (ECF No. 10, pp. 14-18; No. 13, pp. 2-3). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in

4

the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After careful review, I find that the ALJ's credibility determinations are, for the most part, supported by substantial evidence of record. (ECF No. 6-2, pp. 16-17). I am concerned, however, with regard to the ALJ's attempt to discredit Plaintiff based on his perceived severity of Plaintiff's girlfriend's disability. (ECF No. 6-2, pp. 16-17). Since I have found that remand is warranted regarding the previous issue, I am instructing the ALJ to reconsider the issue of Plaintiff's credibility without reliance on his perceived severity of Plaintiff's girlfriend's disability.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE L. STEVENSON, JR., )
)
       Plaintiff, )
)
 -vs- )   Civil Action No.   14-46E
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

# ORDER OF COURT

THEREFORE, this 3rd day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                            BY THE COURT:

                            s/   Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge